**Joshua William PHILLIPS, Petitioner–Appellant,**

v.

**Scott KENAN, Warden, Respondent– Appellee.**

No. 06–16643.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed May 10, 2007.

Michael B. Bigelow, Esq., Sacramento, CA, for Petitioner–Appellant.

Patrick J. Whalen, Esq., AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, TROTT and W. FLETCHER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided

**MEMORANDUM** \*

Joshua William Phillips appeals from the district court's order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Phillips argues that the district court erred in denying his petition because the state trial court violated his Sixth Amendment right to confront witnesses against him. He argues also that the district court erred in concluding that there was sufficient evidence in the record to support the jury verdict against him.

Phillips has probably procedurally defaulted his Confrontation Clause claims because, as the last-reasoned state court decision explains, defense counsel failed to adequately object to the admission of video-taped interviews and an oral statement given to a police officer. Nevertheless, the merits of Phillips' petition are easily resolved against him, and we affirm the district court on this basis. *See Lambrix v. Singletary,* 520 U.S. 518, 522–25, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) (explaining that when a habeas petition presents both a question of procedural default and a merits issue, the procedural-bar question should ordinarily be considered first; however, where the procedural issue presents complicated issues of state law, and the merits question is easily resolvable against the petitioner, judicial economy counsels giving the merits question priority).

Phillips' confrontation argument is foreclosed by *Whorton v. Bockting,* in which the Supreme Court held that *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), does not apply retroactively on habeas review. —— U.S. ——, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). Even without *Whorton,* Phillips' confronta-

by 9th Cir. R. 36–3.

tion argument fails because each child witness was called to the stand and made available for cross-examination. *See Crawford,* 541 U.S. at 59 n. 9, 124 S.Ct. 1354. ("[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.") (citing *California v. Green,* 399 U.S. 149, 162, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)). Simply put, "the Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." *Green,* 399 U.S. at 158, 90 S.Ct. 1930.

Phillips' argument that the testimony of child witnesses on cross-examination is "tantamount to no cross-examination at all" is unpersuasive. In *United States v. Owens,* 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988), the Supreme Court addressed the issue of what the Confrontation Clause requires of a witness physically present at trial and therefore "available" for cross-examination. The Court held that "the Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Id.* at 559, 108 S.Ct. 838 (citing *Kentucky v. Stincer,* 482 U.S. 730, 739, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (alteration in original removed)).

The record contains sufficient evidence from which a reasonable jury could find Phillips guilty beyond a reasonable doubt. The standard according to which the California Court of Appeal arrived at this conclusion was the same standard the Supreme Court has articulated. *See Jackson*

* This panel unanimously finds this case suitable for decision without oral argument. *See*

*v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Evaluated under the AEDPA standard of review, the last reasoned state-court decision to adjudicate Phillips' confrontation claims is not contrary to, nor is it an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). Likewise, the last reasoned state-court decision's conclusion, that a reasonable jury could have found Phillips guilty beyond a reasonable doubt, is not contrary to, nor is it an unreasonable application of, clearly established federal law as determined by the Supreme Court.

**AFFIRMED.**